UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                    )
ANDRONIKI (NIKI) BROWNE,                            )
                                                    )
         Plaintiff,                                 )       COMPLAINT
                                                    )       JURY TRIAL DEMANDED
    -against-                                       )
                                                    )       08 Civ. 4993 (MGC)
THE CITY OF NEW YORK; THE NEW YORK CITY             )
EMPLOYEES RETIREMENT SYSTEM;                        )       ECF Case
the BOARD OF TRUSTEES OF THE NEW YORK               )
CITY EMPLOYEES RETIREMENT SYSTEM;                   )
DIANE D'ALESANDRO; and MILTON ARON,                 )
                                                    )
         Defendants.                                )
------------------------------------------------------------------X

       The Complaint of plaintiff ANDRONIKI (NIKI) BROWNE, by and through her attorneys Gordon, Gordon & Schnapp, P.C., respectfully states the following:

Preliminary Statement

       1.    This is and action for declaratory, monetary, and other appropriate relief, including costs and attorney's fees, commenced pursuant to 42 U.S.C. §§ 1983 and 1988 and other applicable provisions of law.  Plaintiff alleges, inter alia, that defendants: (i) disseminated false and stigmatizing statements about her beginning in June 2005; (ii) failed and refused for at least approximately three years to afford her the "name clearing" hearing to which she was entitled pursuant to 42 U.S.C. Section 1983 in order to clear her good name from the false and stigmatizing statements which defendants had disseminated about her; (iii) only afforded her a hearing which provided her any opportunity to clear her name in May 2005 after being directed to do so in a proceeding commenced by plaintiff in the New York State Courts; and (iv) caused plaintiff substantial emotional distress, loss of her good name and reputation, and other

damages as a result of their delay in affording plaintiff a "name clearing" hearing. Declaratory relief is sought to declare that the actions of defendants, in denying plaintiff a name clearing hearing for at least approximately three years, violated 42 U.S.C. § 1983 and other applicable provisions of law.  Monetary relief is sought to compensate plaintiff for the losses, injuries, and damages she has sustained by reason of the actions complained of herein, including but not limited to substantial humiliation and mental and emotional distress, irreparable harm to her good name and professional reputation, and cost and fees of the New York State Supreme Court proceeding plaintiff was required to prosecute to vindicate her Due Process right to a "name clearing" hearing, together with attorney's fees and costs related to this action.

## Jurisdiction

2. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343.

3. Venue is proper on the grounds that defendants maintain offices located within the Southern District of New York.

4. This Court is authorized by 42 U.S.C. §§ 1983 and 1988 to grant the relief requested herein.

## The Parties

5. Plaintiff ANDRONIKI (NIKI) BROWNE is, and at all material times herein has been, a citizen and resident of the City and State of New York.

6. Defendant City of New York is, and at all material times herein has been, a municipal corporation organized and existing pursuant to the laws of the State

of New York.

7. Defendant New York City Employees' Retirement System ("NYCERS") is and at all material times herein has been a body corporate created and existing pursuant to New York State Law and pursuant to Title 13 of the New York City Administrative Code ("Admin. Code").

8. Defendant BOARD OF TRUSTEES OF NYCERS is, and at all material times herein has been, the body which administers the New York City Employees' Retirement System and, as such, has all the powers, duties, and responsibilities provided for in § 13-103 of the Admin, Code.

9. Defendant DIANE D'ALESSANDRO, and/or her successors, is and at all material times since on or about November 7, 2005 has been the Executive Director of the NYCERS.

10. Defendant MILTON ARON ("Aron") was the Acting Executive Director of NYCERS from approximately March 14, 2005 to November 7, 2005, the Deputy Executive Director of NYCERS from approximately November 7, 2005 until approximately May 2006, and a consultant working with NYCERS in various supervisory and other capacities at certain times in and after approximately May 2006.

<u>Factual Allegations</u>

11. Plaintiff has been employed by NYCERS since November 1998.

12. Prior to her employment by NYCERS, plaintiff was employed by the New York City Mayor's Office from 1981 to 1991, by the New York City Sheriff's Office from October 1991 to May 1994 when she left upon the birth of her first child, and by the

3

New York City Department of Homeless Services from August 1996 to November 1998.

13. Plaintiff was employed by NYCERS from November 1998 to January 2001 as a Senior Human Resources Analyst (holding the civil service titles of Associate Staff Analyst until approximately April 2000 and thereafter holding the civil service title of Administrative Staff Analyst). From approximately January 2001 until January 2004, plaintiff served as the Deputy Director of the NYCERS Membership Division (while continuing to hold the civil service title of Administrative Staff Analyst).

14. In or about January 2004, plaintiff was promoted within NYCERS to the position Director of Administrative Service.  Plaintiff served as the NYCERS Director of Administrative Services from January 2004 until approximately June 1, 2005. During this period, plaintiff's civil service title was Administrative Manager.

15. Plaintiff was selected for promotion to the position of Director of Administrative Services by Defendant Aron who at that time was the NYCERS Deputy Executive Director.

16. Prior to June 2005, plaintiff's job performance at NYCERS and at the other New York City agencies where she had been employed was always evaluated as "very good" or "outstanding," and plaintiff had an outstanding record and reputation as an employee at all of these agencies and was highly regarded by her peers, her subordinates, and her superiors as a loyal, competent, hard-working, and honest City employee.

17. Upon information and belief, in or about June 2004, defendant

NYCERS Board of Trustees (the "Board of Trustees") received an "anonymous letter," which alleged, inter alia, that plaintiff's promotions and salary increases at NYCERS were not the result of her outstanding performance but were rather the result of sexual favors because of her personal relationship with then NYCERS Executive Director John Murphy ("Murphy").

18.   Upon information and belief, in or about June 2004 the Board of Trustees referred the "anonymous letter" to the New York City Department of Investigations ("DOI"), to determine whether plaintiff had improperly benefited from her personal relationship with Murphy.

19.   Upon information and belief, in or about March 2005 DOI issued a report concerning the allegations contained in the "anonymous letter," and referred to the New York City Conflicts of Interest Board ("COIB") the issue of whether plaintiff's alleged personal relationship with Murphy violated Chapter 68 of the New York City Charter.

20.   Upon information and belief, after conducting an investigation COIB found that plaintiff's alleged personal relationship with Murphy did not violate any of the City's Conflicts of Interest Laws.

21.   Upon information and belief, neither DOI nor COIB made a finding that plaintiff had lied to defendant Aron or to any other NYCERS official about her alleged personal relationship with Murphy.

22.   Upon information and belief, defendant Aron testified under oath on

5

three occasions before the DOI (July 13, 2004, October 27, 2004, and October 2004) in connection with the DOI's investigation of the allegations contained in the anonymous letter. Upon information and belief, on none of these three occasions did defendant Aron claim that plaintiff had ever lied to him concerning her personal relationship with Murphy.

23.   On or about June 1, 2005, defendant Aron informed plaintiff that, despite the COIB finding, he (defendant Aron) was demoting plaintiff from her position as Director of Administrative Services and back to her permanent civil service title because (Aron claimed) she had violated NYCERS Code of Conduct § D(8) by failing to disclose her alleged personal relationship with Murphy.

24.   Upon information and belief, after defendant Aron informed plaintiff that she had been demoted, Aron told numerous NYCERS employees, including various NYCERS division directors, NYCERS supervisors, and other NYCERS employees that he had demoted plaintiff because she had lied to him about her alleged personal relationship with Murphy and therefore could not be trusted.

25.   On or about June 6, 2005, at a meeting with plaintiff and NYCERS General Counsel Karen Mazza ("Mazza"), defendant Aron made the same or similar claims about plaintiff in a purported performance evaluation he had prepared for plaintiff.  At this meeting, defendant Aron also accused plaintiff, in front of Mazza, of possibly having made secret and private decisions about how to run NYCERS and of various other alleged acts of misconduct.

26.   Plaintiff never lied to defendant Aron or any other NYCERS official

about her alleged personal relationship with Murphy.

27. Plaintiff did not engage in any of the other acts of misconduct cited by Aron during the aforesaid June 6, 2005 meeting or in the purported performance evaluation Aron showed her on June 6, 2005.

28. The dissemination of the false claim that plaintiff had lied to Aron about her alleged personal relationship with Murphy has stigmatized her, and has caused serious and irreparable damage to her personal and professional reputation.

29. Plaintiff's prospects for career and professional advancement, based on her more than 20 years of outstanding service to the City of New York, have been severely damaged and hindered by the dissemination of the false claim that plaintiff lied to defendant Aron about her personal relationship with Murphy.

30. Plaintiff has a liberty interest in her good name and professional reputation which is protected by the Due Process Clauses of the United States and New York State Constitutions.

31. Some if not all of the damage caused by the dissemination of the false claim that plaintiff lied to Aron could, upon information and belief, have been avoided and/or reduced if defendants had afforded her a name clearing hearing at which she could answer and have a fair opportunity to refute the false claim that she lied to Aron about her relationship with Murphy. Nevertheless, defendants failed to afford plaintiff any hearing at which she would have an opportunity to challenge defendant Aron's false and defamatory statements that she lied to him about her alleged personal relationship with Murphy and clear her name.

32. On or about September 29, 2005, plaintiff commenced an Article 78 proceeding (<u>Browne v. City of New York,</u>, Index No. 29992/05) in the New York State Supreme Court (Kings County) ("<u>Browne</u>") in which she asserted her right to a "name clearing" hearing to address the false and stigmatizing statements defendants made about her which impugned her good name and professional reputation. The <u>Browne</u> petition also sought a judgment setting aside plaintiff's demotion from her position as Director of Administrative Services and from her provisional civil service title of Administrative Manager (issues and relief not sought in the instant proceeding).

33. On or about June 28, 2006, the New York State Supreme Court, Kings County (Ruchelsman, J.) entered a Decision and Order in <u>Browne</u> dismissing plaintiffs' Article 78 proceeding. The aforesaid Decision and Order did not expressly mention plaintiff's claim that she was stigmatized by defendants' actions and therefore entitled to a "name clearing" hearing.

34. Plaintiff appealed from the aforesaid Decision and Order to the New York State Supreme Court, Appellate Division, Second Department.

35. On or about November 7, 2007, the New York State Supreme Court Appellate Division – Second Department issued a Decision and Order modifying the Decision and Order below and directing defendants to grant plaintiff a "name clearing" hearing.

36. Plaintiff's "name clearing" hearing was referred to the New York City Office of Administrative Trials and Hearings ("OATH") for adjudication.

37. On May 12-13, 2008, OATH conducted a hearing at which plaintiff,

for the first time, had an opportunity to prove that defendant Aron had disseminated false and stigmatizing statements about her.

38. No ruling or recommendation has yet been issued by OATH.

39. Except as otherwise indicated above, there has been no prior application to this or any other court for the relief sought herein.

## AS AND FOR A FIRST CAUSE OF ACTION

40. Plaintiff reasserts and realleges each and every allegation in Paragraphs "1" to "39" as if fully set forth herein at length.

41. The actions of defendants in denying plaintiff a timely "name clearing" hearing constituted a denial of plaintiff's right to Due Process of law as guaranteed by the United States and New York State Constitutions, and was therefore in violation of 42 U.S.C. § 1983 and other applicable law.

42. As a result of defendants' actions plaintiff has born the substantial expense of her state court litigation to vindicate her Due Process right to a "name clearing" hearing and has suffered irreparable harm to her good name and professional reputation, humiliation, and substantial mental and emotional distress.

## Demand for a Jury Trial

43. Plaintiff hereby demands a trial by jury in this case on all issues so triable.

Prayer for Relief

WHEREFORE, plaintiff prays for a judgment:

A) Adjudging and declaring that the actions of defendants in failing to afford plaintiff a timely "name clearing" hearing violated 42 U.S.C. § 1983 and other applicable provisions of law.

B) Awarding plaintiff compensatory damages in the amount of $3,000,000;

C) Directing defendants to pay any and all costs and attorney's fees related to the New York State Supreme Court action in which plaintiff ultimately vindicated her right to a "name clearing" hearing;

D) Directing defendants to pay plaintiff the costs and reasonable attorneys' fees related to this action pursuant to 42 U.S.C. § 1988; and

E) Ordering such other and further relief as to this Court may seem just and proper.

Dated:   New York, New York
         May 30, 2008

                                    Gordon, Gordon & Schnapp, P.C.
                                    Attorneys for Plaintiff
                                    437 Madison Avenue - 39th Floor
                                    New York, N. Y.  10022
                                    Telephone No. (212) 355-3200



                                    By:S//_____
                                         KENNETH E. GORDON